COURT OF APPEALS OF VIRGINIA

Present: Judges Annunziata, Bumgardner and Frank
Argued at Chesapeake, Virginia


DAVINA AUSTIN

MEMORANDUM OPINION[*] BY

v.      Record No. 0082-03-1           JUDGE ROBERT P. FRANK
NOVEMBER 12, 2003

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

Brione B. Pattison, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Davina Austin (appellant) was convicted in a bench trial of possession of cocaine, in

violation of Code § 18.2-250. On appeal, she contends the trial court erred in denying her motion to

suppress the cocaine, arguing her consent to the search of her purse was invalid. For the reasons

stated, we affirm the conviction.

BACKGROUND

On July 14, 2002, appellant was the front-seat passenger in a vehicle that the police had

stopped at an on-ramp to Interstate 64 for a number of equipment violations. As Officer Thomas

Bleh of the Norfolk Police Department approached the vehicle, he noticed appellant "make a very

quick movement down towards the floorboard." The officer arrested the driver for driving after

being declared an habitual offender.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Determining the vehicle was owned by the driver's mother, Officer Bleh decided to have the vehicle towed. He began to inventory the vehicle. As he did so, his partner, Officer Delores Woolrey, talked to appellant.

It began to rain. Officer Bleh explained at trial, "[W]e were on the interstate, traffic was moving pretty quickly, so we were trying to get away from the [driver's] vehicle and back to the police unit for everybody's safety."

Officer Woolrey asked appellant to step out of the driver's vehicle. She testified, "[F]or her safety and for her personal comfort, I asked [appellant] to step back with me to the other vehicle where Officer Murphy arrived on-scene for our backup." Officer Woolrey walked with appellant to Officer Murphy's vehicle.

Officer Woolrey told appellant that, since she was going to sit in the car, the officer needed to pat her down, pursuant to departmental policy. Appellant responded, "go ahead." Prior to patting her down, they "placed [appellant's] purse on the trunk of the [police] vehicle." Officer Woolrey then patted down appellant. The officer found no contraband or weapons. Officer Woolrey then told appellant to "have a seat in the vehicle." While appellant was sitting there, the car door remained open, and appellant's feet remained "outside of the vehicle."

Officer Woolrey then asked appellant if she could search the purse. Appellant said, "Yeah, go ahead. You can search it." Officer Woolrey found cocaine inside the purse. At the police station, appellant admitted she consented to the search of her purse.

At the suppression hearing, appellant conceded the validity of the stop. She did not argue the police violated her Fourth Amendment rights by asking her to exit the vehicle or by patting her down. Instead, appellant contended that, after the pat-down revealed no contraband or weapons, she was illegally detained. Thus, any consent was tainted by the detention and, therefore, was invalid.

The trial court denied the motion to suppress the cocaine, finding the officer properly placed appellant in the police vehicle. The court explained, "They can't allow a pedestrian on the interstate. If nothing else, they had to put her in the car to get her off the interstate."

ANALYSIS

On appeal, appellant contends consent to search is not voluntary "if a reasonable person would believe he is not free to leave." Appellant argues she was not free to leave the police car. Therefore, her consent, which was given while she was illegally seized, was invalid.[1]

> In reviewing a trial court's denial of a motion to suppress, "[t]he burden is upon [the appellant] to show that th[e] ruling, when the evidence is considered most favorably to the Commonwealth, constituted reversible error." Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, *cert. denied*, 449 U.S. 1017, 101 S. Ct. 579, 66 L.Ed.2d 477 (1980). "Ultimate questions of reasonable suspicion and probable cause to make a warrantless search" involve questions of both law and fact and are reviewed *de novo* on appeal. Ornelas v. United States, [517 U.S. 690, 691] (1996). In performing such analysis, we are bound by the trial court's findings of historical fact unless "plainly wrong" or without evidence to support them . . . . Id. at [699]. We analyze a trial judge's determination whether the Fourth Amendment was implicated by applying *de novo* our own legal analysis of whether based on those facts a seizure occurred.

McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*) (footnote omitted).

"[S]earches made by the police pursuant to a valid consent do not implicate the Fourth Amendment." McNair v. Commonwealth, 31 Va. App. 76, 82, 521 S.E.2d 303, 306 (1999) (*en banc*). Appellant argues her consent was invalid because it was the product of her detention by the police. She contends the trial court should have suppressed the evidence found in her purse because the consent was tainted by the detention. Appellant cites Bolden v. Commonwealth, 263 Va. 465,

---

[1] To the extent appellant argues that the police violated her constitutional rights prior to asking her to sit in the vehicle, those arguments were not preserved for appeal. Appellant did not object at trial to the pat-down or to her removal from the car. Rule 5A:18.

561 S.E.2d 701 (2002), for the proposition that, when "a reasonable person does not feel free to leave an encounter, his consent to search is not voluntary." Appellant misreads Bolden.

Neither Bolden nor any other case on Fourth Amendment jurisprudence stands for the proposition offered by appellant. Bolden is premised upon whether a seizure occurred. Id. at 470-71, 561 S.E.2d at 704. Because the Court concluded Bolden was seized, and because the Commonwealth failed to argue the officers had reasonable suspicion for the seizure, the Court found Bolden was illegally detained. Id. at 472, 561 S.E.2d at 705. The Court then concluded the consent to search his suitcase, obtained while Bolden was unconstitutionally held, was tainted by this violation of Bolden's rights. Id. at 473, 561 S.E.2d at 705 (citing Florida v. Royer, 491 U.S. 491, 507-08 (1983)).

On the other hand, if the police have lawfully detained an individual and, while in custody, that person voluntarily consents to a search without coercion or duress, the search is constitutionally permissible. Lowe v. Commonwealth, 218 Va. 670, 678, 239 S.E.2d 112, 117 (1977) ("The fact of custody alone is not enough in itself to demonstrate a coerced consent to search."); Commonwealth v. Rice, 28 Va. App. 374, 378, 504 S.E.2d 877, 879 (1998) ("The fact that the defendant is in custody at the time consent is given does not itself invalidate the consent.").

The Commonwealth contends the encounter between the police and appellant was consensual. Alternatively, the Commonwealth argues, if the encounter was not consensual, the detention was proper based on safety concerns. For the purpose of this analysis, we assume, without deciding, a seizure occurred when appellant was asked to sit in the police vehicle. We also assume, without deciding, that the officers had no reasonable suspicion that appellant was involved in criminal behavior.

> "The Fourth Amendment does not proscribe all seizures, only those that are 'unreasonable.' Whether a seizure is unreasonable is

- 4 -

determined by balancing the individual's right to be free from arbitrary government intrusions against society's countervailing interest in preventing or detecting crime and in protecting its law enforcement officers." Bethea v. Commonwealth, 14 Va. App. 474, 476, 419 S.E.2d 249, 250 (1992) (*en banc*), aff'd on other grounds, 245 Va. 416, 429 S.E.2d 211 (1993); see U.S. Const. amend. IV; Va. Const. art. I, § 10. The validity of a seizure "'turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time,' and not on the officer's actual state of mind at the time the challenged action was taken." Maryland v. Macon, 472 U.S. 463, 470-71, 105 S. Ct. 2778, 86 L.Ed.2d 370 (1985) (quoting Scott v. United States, 436 U.S. 128, 136, 98 S. Ct. 1717, 56 L.Ed.2d 168 (1978)).

Welshman v. Commonwealth, 28 Va. App. 20, 30, 502 S.E.2d 122, 126-27 (1998) (*en banc*).

Thus, we must determine whether the officer's direction to appellant to "have a seat in the vehicle" was reasonable.

The officers had determined the car in which appellant was riding would be towed, requiring appellant to vacate the vehicle. It was "raining a little bit." The vehicle was stopped on an entrance ramp to the interstate, where "traffic was moving pretty quickly." The officer indicated they were "trying to get away from the [driver's] vehicle and back to the police unit for everyone's safety." The officers had no choice but to put appellant in their vehicle and drive her off the interstate. They could not leave her in the rain on the shoulder section of a busy interstate ramp.

Moore v. Commonwealth, 25 Va. App. 277, 487 S.E.2d 864 (1997), is instructive here. In Moore, the driver of the car in which Moore was a passenger was arrested after a traffic stop on an interstate bridge. Id. at 281, 487 S.E.2d at 866. Moore was asked to exit the vehicle because the trooper had determined the vehicle must be inventoried and towed. Id. at 282, 487 S.E.2d at 866. The trooper intended to place Moore in the patrol vehicle and remove him from the interstate. Id. Upon patting Moore down, the trooper found heroin. Id.

We explained:

> [The trooper] could not leave Moore . . . on a bridge with no sidewalks or on the interstate. [His] presence might have

- 5 -

> endangered traffic and [himself]. The trooper testified that: "We're not allowed to let a pedestrian walk down the roadway. We stop and we will either issue a summons, warn the person, arrest the person, and we're going to transport them off the roadway."

Id. at 286, 487 S.E.2d at 868.

Once the police frisked appellant and found no contraband or weapons, allaying any safety concerns stemming directly from her, they still could not release appellant on the ramp of the interstate. Her presence on the roadside, in the rain, created a danger to her and to the officers from passing traffic. Placing appellant in the police car was reasonable in this situation.

Finally, appellant argues the police never told her their reason for placing her in the police vehicle. The point of this argument is unclear. If appellant is arguing this failure to inform undermines the credibility of the officers' testimony, then the argument improperly presumes this Court evaluates the credibility of witnesses. See Marable v. Commonwealth, 27 Va. App. 505, 509, 500 S.E.2d 233, 235 (1998) (noting that the credibility of the witnesses is a matter "solely for the fact finder's determination").

If appellant is arguing her detention was unreasonable because she did not understand its basis, then, again, her position is without merit. The determination of reasonableness is based on the *police officer's* objective basis for the detention, not on the *suspect's* understanding of the officer's motivation. Goodwin v. Commonwealth, 11 Va. App. 363, 366, 398 S.E.2d 690, 691-92 (1990); Iglesias v. Commonwealth, 7 Va. App. 93, 101, 372 S.E.2d 170, 174-75 (1988) (*en banc*). The officer did not need to tell appellant why she should sit in the police vehicle in order to make the detention reasonable.

Finding appellant's detention was reasonable and did not taint her consent to the search of her purse, we affirm the conviction.

Affirmed.